# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 25-2077V**

|  |  |
|---|---|
| M.H.,<br><br>             Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>             Respondent. | Chief Special Master Corcoran<br><br>Filed: February 18, 2026 |

*Elizabeth Kyla Abramson, Mctlaw, Washington, DC, for Petitioner.*

*Heather Lynn Pearlman, U.S. Department of Justice, Washington, DC, for Respondent.*

### ORDER GRANTING MOTION TO REDACT[1]

On December 8, 2025, M.H. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges a shoulder injury related to vaccine administration, a defined Table injury, or in the alternative a causation-in-fact injury, with a duration of at least six months, after receipt of an influenza vaccine on February 1, 2023. Petition at 1, ¶¶ 12-15.

Two days after the Petition's filing, M.H. requested that the case caption be redacted to reflect initials only. Motion to Amend Case Caption and Redact Petitioner's Name to Initials ("Motion"), filed Dec. 10, 2025, at ¶¶ 8-9, ECF No. 6. Providing specific information regarding the nature of concern (*id.* at ¶ 2), Petitioner argues that name disclosure "[would] pos[e] a credible risk to Petitioner's health and safety" (*id.* at ¶ 3).

---

[1] Because this unpublished Order contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **In light of my conclusion below, I intend to post this Order with a redacted caption**. To the extent Petitioner would seek further redaction, in accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Emphasizing the lack of public interest in the disclosure of a vaccine petitioner's name (*id.* at 5), Petitioner insists that granting the request "is the simplest way to protect Petitioner from harm while affording the public access to any substantive analysis of the evidence, injury and vaccination at issue" (*id.* at 7). Respondent filed no response.

I have previously discussed in other decisions the Vaccine Act's treatment of requests to redact Program decisions and rulings. *See generally K.L. v. Sec'y of Health & Hum. Servs.*, No. 12-0312V, 2015 WL 11387761, at *2-4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd*,123 Fed. Cl. 497 (2015) (denying a request to redact petitioner's name and description of illnesses). Generally, information provided in vaccine proceedings may not be disclosed without the written consent of the party providing the information. Section 12(d)(4)(A); Vaccine Rule 18(a). The Act requires disclosure of the decisions of the special masters or the court but provides for redaction of certain categories of information – "medical files and similar files" – but only if the disclosure of such information "would constitute a clearly unwarranted invasion of privacy." Section 12(d)(4)(B); *accord.* Vaccine Rule 18(b).

The Vaccine Rules allows the initials of a minor to be used in the petition's caption when filed. Vaccine Rule 16(b). Although adult petitioners' names are not afforded this automatic protection, they may be redacted if the movant establishes proper grounds for so doing. *See generally W.C. v. Sec'y of Health & Hum. Servs.*, 100 Fed. Cl. 440, 460-61 (Fed. Cl. 2011) *aff'd*, 704 F.3d 1352 (Fed. Cir. 2013) (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act, claimant's name was properly subject to redaction from decision); *but see Langland v. Sec'y of Health & Hum. Servs.*, No. 07-0036V, 2011 WL 802695, at *7-8 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013) (petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing). There is a notable public interest in knowing the vaccination and medical information related to a petitioner's injury but no public interest in knowing a petitioner's name. *A.K. v. Sec'y of Health & Human Servs.*, No. 09-0605V, 2013 WL 322918, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2013).

*W.C.* and *Langland* stand as two somewhat-opposed interpretations of how strict the standard for obtaining redaction should be. *Langland* adopts a more stringent approach, while *W.C.* emphasizes a balancing test that weighs a petitioner's privacy interests against "the public purpose of the Vaccine Act." *W.C.*,100 Fed. Cl. at 460-61; *K.L.*, 2015 WL 11387761, at *2-3. In either case, however, a petitioner needs to make *some* showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call. *W.C.*, 100 Fed. Cl. at 460 (balancing of interests favors redaction "where an objection [to disclosure] is made on *reasonable grounds*") (emphasis

added). I have permitted redaction in cases where such a specialized showing was made without reconciling these two competing standards or choosing one over the other. *See, e.g., K.L. v. Sec'y of Health & Hum. Servs.*, No. 12-0312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr. Oct. 30, 2015) (granting petitioner's second request to redact only her name to initials which was accompanied by additional information regarding the potential harm she may suffer regarding her employment).

Under the correct standard (no matter how it is precisely parsed), a petitioner's general concern for privacy (something shared by many Vaccine Act claimants) is not sufficient to warrant redaction, especially when there is a strong public interest in the disclosure of the basis for a claim's adjudication (since it bears on vaccine safety). *See W.C.*, 100 Fed. Cl. at 461. But there is no public interest *per se* in knowing a petitioner's name. *A.K. v. Sec'y of Health & Hum. Servs.*, No. 09-0605V, 2013 WL 322918, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2013). And claimants can make *individualized* showings that persuasively establish grounds for redaction.

Petitioner has presented a credible argument that name disclosure herein could have a significant personal safety impact.[3] *See* Motion at ¶¶ 2-3. Accordingly, reduction of the Petitioner's name to initials has been justified, and is not contrary to the Program's policy concerns about publicizing substantive rulings and decisions.

### Conclusion

For the reasons set forth above, I hereby determine that Petitioner has established grounds for redaction of Petitioner's name in the case caption to reflect initials only, and I therefore **GRANT the motion filed by Petitioner on December 10, 2025, at ECF No. 6. The Clerk of this Court is hereby instructed to change the caption of this case to the caption above.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] I am purposefully not including further details in this order regarding the nature of these concerns, as that disclosure would thwart the purpose of this redaction.